UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PATRICIA ALLEN, ) | CASE NO. 1:09 CV 2573 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | <u>MEMORANDUM OF OPINION</u> |
| ) | <u>AND ORDER</u> |
| COMMISSIONER OF INTERNAL ) | |
| REVENUE, and/or MR. W. REDD, ) | |
| ) | |
| Defendants. ) | |

On November 3, 2009, the United States of America, on behalf of the "improperly named defendant in this case, 'Commissioner of Internal Revenue and/or Mr. W. Redd'" removed the above-captioned case to this court. For the reasons set forth below, the matter was properly removed to this court and is dismissed.

BACKGROUND

On September 29, 2009, Ms Allen filed a complaint in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV-09-705379. The complaint alleged the defendant issued a fraudulent "Notice of Lien" against her property in violation of the Federal Tax Lien Act of 1966. She adds that liens filed by the I.R.S. must satisfy Uniform Commercial

Code practice, otherwise "there is a violation of the statute law." (Compl. at 2.) Included in the complaint is plaintiff's Motion to Dismiss/Release/Void the Notice of Lien seeking the return of property seized as a result of the lien.

A copy of the complaint was served on the named defendants on November 3, 2009. On the same date, a Notice of Removal was filed in this court pursuant 28 U.S.C. §1442(a)(1). Defendants argued the action is removable because it is against the Internal Revenue Service, as well as an officer acting in his official capacity and affecting the collection of internal revenue taxes.

The right of removal under s 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court. Willingham v. Morgan, 395 U.S. 402, 406 (1969); City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp. 484 F.3d 380, 389 (6th Cir. 2007)(removal statute is broad and allows for removal when its elements are met). Clearly, Ms. Allen alleges the Federal Register gives the I.R.S. "the power as the collecting agent;" and, thus as a defendant is acting under color of federal office. The matter was properly removed to this court.

STANDARD OF REVIEW

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to

discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### NOTICE OF LEVY

Ms. Allen has failed to state a claim regarding a "fraudulent" levy. She contends the defendants failed to follow Uniform Commercial Code (UCC) procedures when they seized funds from her Amtrust Bank account pursuant to a Notice of Levy.

Under the tax code it provides:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property *subject to levy* upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a)(emphasis added). With regard to banks, the code specifically mandates that banks surrender "any deposits (including interest thereon) in such bank only after 21 days after service of levy." 26 U.S.C. § 6332(c). The statutory requirements that a Notice of Levy must contain, pursuant to 26 U.S.C. § 6331(d), are not being challenged by Ms. Allen. Therefore, inasmuch as compliance with this federal statute, which outlines the requirements for a sufficient Notice of Levy, is not being challenged, Ms. Allen's attacks on the Notice fail to state a claim upon which this court can grant relief.

### THE IRS AND THE IRS EMPLOYEE DEFENDANTS

Despite the designation of the IRS and an IRS employee as defendants in this suit, the nature of Ms. Allen's action is one against the United States. For a federal agency to be amenable to suit, Congress must authorize suit against it by name. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952). Congress has not authorized suit against the IRS with respect to suits of the type Ms. Allen has filed. Therefore, the IRS is not a proper party to this suit.

The same is true with respect to IRS employee W. Redd. Mr. Redd's name is included in the return address on the Notice of Levy. Beyond that fact, there is no allegation he engaged in any activity beyond his status as an I.R.S. agent. Ms. Allen has sued him, therefore, for acts performed in the course of his employment. "When an action is one against individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." Atkins v. O'Neill, 867 F.2d 589, 590 (10th Cir.1989). Accordingly, the court shall dismiss the IRS and the individual IRS employees from plaintiff's suit.

### THE UNITED STATES ENJOYS SOVEREIGN IMMUNITY

To the extent Ms. Allen alleges violations of her constitutional rights, the United States, as the real party to this suit, enjoys sovereign immunity. See United States v. Sherwood, 312 U.S. 584, 586 (1941) (explaining that, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of the consent to be sued in any court define that court's jurisdiction to entertain the suit"). The United States has not consented to suit for alleged violations of constitutional rights. See Jaffee v. United States, 592 F.2d 712, 717-18 (3d Cir.1979). In the absence of a waiver of this sovereign immunity, plaintiff's constitutional claims

must be dismissed.

## CONCLUSION

Based on the foregoing, the complaint is dismissed. Further, the court certifies that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

>S/Christopher A. Boyko
>CHRISTOPHER A. BOYKO
>UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."